UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD W. IRVING, et al., | No. 2:12-CV-0290 KJM EFB |
| Plaintiff, | |
| v. | ORDER |
| LENNAR CORPORATION, et al., | |
| Defendants. | |

        Defendants' motion for reconsideration is currently pending before the court. The court ordered it submitted on the pleadings and now DENIES it.

I.  BACKGROUND

        On February 27, 2012, plaintiffs Donald Irving, Fammie Holmes-Irving, Chandresh Bhakta, Tina Bhakta, John Carreras, Isidro Escareno, Dennis Frantom, Dan Lewerenz, Rui Lopes, Rose Lopes, Alfredo Lorica, Eugenia Lorica, Dan Masciovecchio, Greg Peterson, Olga Peterson, E. Scott Coelho, Valerie Salazar, Themis Sakellarious, Jimmy Turner, Sharon Turner, Greg Weasel, Virginia Weitzel, Christopher White, Monique White, Thomas Williams and Makeiba Scott (collectively "plaintiffs") filed a First Amended Complaint ("FAC"), alleging six claims stemming from defendants' alleged acts and omissions in connection with the Estancia Estates and Legends in Rio Del Oro communities, in the Plumas Lake Subdivision in Yuba County: (1) violation of the Interstate Land Sales Act ("ILSA") by means of untrue statements in

1

the sale of subdivided lots, 15 U.S.C. § 1703; (2) unfair competition and business practices ("UCL"), CAL. BUS. & PROF. CODE § 17200; (3) false and misleading advertising or statements in the sale of real property ("FAL"), CAL. BUS. & PROF. CODE § 17500; (4) rescission based on fraud or mistake, CAL. CIV. CODE § 1689; (5) RICO violations, 18 U.S.C. §§ 1961, et seq.; (6) Sherman Act and California anti-trust violations, 15 U.S.C. § 1 & CAL. BUS. & PROF. CODE § 16700, et seq.; and (6) violation of the Covenants, Conditions and Restrictions ("CC&Rs") for both developments.  ECF 7.

On March 26, 2012, Lennar Corporation ("Lennar"), Lennar Renaissance, Inc. ("Renaissance), Lennar Sales Corporation ("Sales"), and Universal American Mortgage Company of California ("UAM") (collectively "defendants") filed a motion to dismiss the First Amended Complaint.  The court denied the motion as to the claim that defendants violated the CC&Rs and granted the motion as to the other claims, giving plaintiffs leave to amend as to the fraud, rescission, UCL, Sherman Act and Cartwright Act claims.  ECF No. 36.

On April 19, 2013, plaintiffs filed their Second Amended Complaint (SAC), raising the following claims:  (1) an ILSA violation based on untrue statements in the sale of subdivided lots, 15 U.S.C. § 1703; (2) an UCL claim, based on defendants' alleged manipulation of market values and false and misleading misrepresentations, CAL. BUS. & PROF. CODE § 17200; (3) a claim of false and misleading advertising or statements in the sale of real property, CAL. BUS. & PROF. CODE § 17500; (4) a claim for rescission based on fraud or mistake, CAL. CIV. CODE § 1689; (5) Sherman Act and Cartwright Act violations, 15 U.S.C. § 1 & CAL. BUS. & PROF. CODE § 16700, *et seq.*; and (6) a claim for a violation of the CC&Rs.  ECF 33.

On May 13, 2013, defendants filed a motion to dismiss the Second Amended Complaint, alleging generally that all the claims were barred by the statute of limitations and that plaintiffs failed to state a claim as to any of their causes of action.  ECF 36.

On September 11, 2013, the court granted the motion, giving plaintiffs leave to amend their claims under the ILSA, UCL and FAL but dismissing without leave to amend the Sherman and Cartwright Act Claims and that portion of the claimed violation of the CC&Rs based on an obligation to complete the subdivision.

2

1     Plaintiffs' Third Amended Complaint ("TAC") filed October 1, 2013, consists of
2 four claims for relief: (1) violation of the ILSA, 15 U.S.C. § 1703(a)(2)(B); (2) violation of
3 California's UCL, CAL. BUS. & PROF. CODE § 17200; (3) violation of California's FAL, CAL.
4 BUS. & PROF. CODE § 17500; and (4) rescission based on fraud or mistake, CAL. CIV. CODE
5 § 1689.  ECF No. 47.
6     Defendants filed a motion to dismiss the Third Amended Complaint alleging
7 among other things that plaintiffs' fraud claims were based in part on non-actionable puffery and
8 that any reliance on verbal representations by sales personnel was not justified, as the
9 representations were contradicted by written materials accompanying the sales.  ECF No. 48 at
10 17-18.  Specifically, they argued that the allegation that defendants told plaintiffs they were
11 selling only to well-qualified buyers who would live in the subdivision and not to high risk
12 investors was puffery.  ECF 48 at 17.
13     The court rejected the arguments and denied the motion to dismiss.  ECF No. 53 at
14 12-13.  It is this order defendants ask the court to reconsider.
15 II.   STANDARD FOR A MOTION FOR RECONSIDERATION
16     "A district court's power to rescind, reconsider, or modify an interlocutory order is
17 derived from the common law, not from the Federal Rules of Civil Procedure."  *City of Los*
18 *Angeles v. Santa Monica BayKeeper*, 254 F.3d 882, 886 (9th Cir. 2001); *McConnell v. Lassen*
19 *Cnty.*, No. 2:05-cv-0909 FCD DAD, 2008 WL 4482853, at *2 (E.D. Cal. Oct. 3, 2008) ("Where
20 reconsideration of a non-final order is sought, the court has 'inherent jurisdiction to modify, alter,
21 or revoke it.'" (quoting *United States v. Martin*, 226 F.3d 1042, 1048-49 (9th Cir. 2000)).  In
22 addition, Federal Rule of Civil Procedure 54(b) authorizes courts to revise "any order or other
23 decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all
24 the parties . . . at any time before the entry of a judgment adjudicating all the claims and all the
25 parties' rights and liabilities."  FED. R. CIV. P. 54(b); *Regents of Univ. of Calif. v. Bernzomatic,*
26 No. 2:10-cv-1224 FCD GGH, 2011 WL 666912, at *2 (E.D. Cal. Feb. 11, 2011) (relying on Rule
27 54 in deciding whether to reconsider the denial of summary judgment).  Reconsideration is
28 appropriate where there has been an intervening change in controlling law, new evidence has

3

become available, or it is necessary to correct clear error or prevent manifest injustice. *Cachil Dehe Band of Wintun Indians v. California*, 649 F. Supp. 2d 1063, 1069 (E.D. Cal. 2009) (citing *School Dist. No. 1J Multnomah Cnty. v. AC&S Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993)). A party should "not use a motion for reconsideration to raise arguments or present new evidence for the first time when it could reasonably have been raised earlier in the litigation," *id*., nor should the party "ask the court to rethink matters already decided." *American Rivers v. NOAA Fisheries*, No. CV-04-00061-RE, 2006 WL 1983178, at *2 (D. Or. Jul. 14, 2006) (citing *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003)).

Under Local Rule 230(j), the party moving for reconsideration must set forth:

> (1) when and to what [j]udge . . . the prior motion was made; (2) what ruling ... was made thereon; (3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and (4) why the facts or circumstances were not shown at the time of the prior motion.

L.R. 230(j). "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Knight v. Rios*, No. 1:09–cv–00823–AWI–JLT HC, 2010 WL 5200906, at *2 (E.D. Cal. Dec. 15, 2010).

III. ANALYSIS

Defendants argue that *Kelly v. Beazer Homes USA, Inc*., __ F. App'x __, 2014 WL 107961 (9th Cir. Jan. 13, 2014) (unpublished), a case from the Ninth Circuit decided days after the court denied the motion to dismiss, shows that plaintiffs' fraud claims are based on non-actionable puffery. Plaintiffs counter that because the case is unpublished and therefore not precedential, it cannot constitute a change in controlling law. *See generally* Ninth Circuit Rule 36-3(a) ("Unpublished dispositions and orders of the Court are not precedent . . . ."). Nevertheless because the decision has "persuasive value and indicate[s] how the Ninth Circuit applies binding authority," *Nogales v. Beard*, Civil No. 11cv2146–BTM (BLM), 2013 WL 6419259, at *9 n.2 (S.D. Cal. Dec. 9, 2013), the court will consider it. Moreover, in *Kelley*, the Ninth Circuit addressed the appeals of several related cases from the Central District of

1  California, including *Stephens v. Lennar Corp.*, 5:09-cv-01668 VAP-DTB.  As noted in a prior
2  order in this case, some of plaintiffs' original claims were similar to those raised in the Stephens
3  litigation.   ECF No. 31 at 11.  Considering *Kelley's* application of Ninth Circuit law makes sense
4  in light of the similarities between the cases.

5  According to defendants, the *Stephens* plaintiffs claimed defendants
6  misrepresented that they did not sell homes to investors when in fact they were selling to
7  investors and unqualified, high-foreclosure-risk buyers.  ECF No. 54; *see also Stephens v.*
8  *Lennar*, No. 09-1668, Second Am. Compl., ECF No. 68 ¶¶ 44, 78 ("By misrepresenting and
9  failing to disclose to prospective buyers that large numbers of investors and unqualified, high-
10 foreclosure risk buyers were purchasing homes in their communities, Defendants were able to sell
11 their homes for more than the homes were worth"; "Defendants represented to Plaintiffs  . . . that
12 Lennar does not sell homes to investors through its occupancy policy that states Lennar requires
13 buyers to occupy the homes and that Lennar discourages home purchase speculation and desires
14 to sell homes only to buyers occupying homes.").

15 In *Kelley*, the Ninth Circuit said the district court had properly dismissed any
16 claims stemming from an alleged duty to disclose the financial condition of other purchasers and
17 also properly dismissed the fraudulent misrepresentation claims.  *Id*. at *1.  The court explained
18 that the latter "representations" were "(1) promises from the *Plaintiffs* to the Homebuilders; (2)
19 qualified by express disclaimers; or (3) vague expressions of the Homebuilders' 'desires.'"  *Id*.
20 (emphasis in original).  The court also found that, based on the documents regarding the sale, the
21 homebuyers' reliance on any such promises was unjustifiable as a matter of law.  *Id*.

22 Plaintiffs argue that the representations made to them were different, in that the
23 defendants required them to sign an "Initial Occupancy Certification and Agreement," which
24 required them to occupy the houses for a specific period of time and stipulated that a failure to
25 occupy the homes was a breach of the agreement and would damage defendants.  ECF No. 61 at
26 3. As defendants observe, however, these allegations are not part of the Third Amended
27 Complaint.  *See* TAC, ECF No. 47 ¶¶ 41-69.
28 /////

In light of *Kelley*'s interpretation of the law, the court finds that defendants' claims to be selling only to well-qualified buyers who would live in the subdivision and not to high risk investors do not provide a basis for plaintiffs' fraud-based claims.

Defendants also argue that plaintiffs' claims, that they had no choice but to finance the homes through UAM and that defendants promised to complete the subdivisions, should also be dismissed because they are contradicted by the written materials accompanying the purchases, which makes the reliance unjustifiable. ECF No. 54 at 6-7. The court declines defendants' invitation to read *Kelley* so broadly as to render the reliance on any oral promise unjustified when addressed in contemporaneous written materials. *See Alliance Mortg. Co. v. Rothwell*, 10 Cal. 4th 1226, 1239 (1995) (stating that reliance is a question of fact); *Ron Greenspan Volkswagen, Inc. v. Ford Motor Land Dev. Corp.,* 32 Cal. App. 4th 985, 996 (1995) (stating that contract provisions saying no representations were made apart from those in the contract does not establish as a matter of law that reliance on oral promises was not justifiable); *see also 625 3rd St. Assocs. v. Alliant Credit Union,* 633 F. Supp. 2d 1040, 1052 (N.D. Cal. 2009) (stating that "California decisions consistently have held that liability for intentional torts such as fraud and misrepresentation simply cannot be waived by means of an exculpatory agreement").

Accordingly, IT IS THEREFORE ORDERED that:

1. The motion for reconsideration is granted in part, and to the extent the fraud claims in the Third Amended Complaint are based on defendants' promise to sell only to highly-qualified buyers and not to sell to investors, the complaint is dismissed;

2. The motion for reconsideration is denied in all other respects;

3. The fourth amended complaint is due within twenty-one days of the date of this order.

DATED: April 16, 2014.

UNITED STATES DISTRICT JUDGE