1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DONALD W. IRVING, et al.,                No.  2:12-CV-0290 KJM EFB

12               Plaintiffs,

13        v.                                   <u>ORDER</u>

14   LENNAR CORPORATION, et al.,

15               Defendants.

16

17              Defendant's motion to strike is currently pending before the court.  As explained

18   below, the motion is granted in part and denied in part.

19   I. BACKGROUND

20              On May 7, 2014, following serial motions to dismiss, plaintiffs filed their Fourth

21   Amended Complaint, asserting five claims for relief: (1) violation of the Interstate Land Sales Act

22   (ILSA), 15 U.S.C. § 1703(a)(2)(B); (2) violation of California's Unfair Competition Law (UCL),

23   CAL. BUS. & PROF. CODE § 17200; (3) violation of California's False Advertising Law (FAL),

24   CAL. BUS. & PROF. CODE § 17500; (4) rescission based on fraud or mistake, CAL. CIV. CODE

25   § 1689; and (5) violation of controlling CC&Rs. ECF No. 70.

26              On May 13, 2014, defendants filed a motion to strike the Fourth Amended

27   Complaint, alleging that plaintiffs continue to assert allegations that bear only on matters already

28   dismissed by this court. ECF No. 72 at 3. Defendants argue that because these allegations are no

                                              1

longer material or pertinent, they should be stricken in accordance with defendants' motion. *Id.* at 5.

II. STANDARD FOR A MOTION TO STRIKE

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded[, and] [i]mpertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706–07 & 711 (1990)), *rev'd on other grounds by* 510 U.S. 517 (2004).

A 12(f) motion to strike serves "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). The granting of a motion to strike "may be proper if it will make trial less complicated or eliminate serious risks of prejudice to the moving party, delay, or confusion of the issues." *Taheny v. Wells Fargo Bank, N.A.*, No. CIV. S-10-2123-LKK/EFB, 2011 WL 1466944 at *2 (E.D. Cal. Apr. 18, 2011) (citing *Fantasy*, 984 F.2d at 1527–28). However, "[m]otions to strike are disfavored and infrequently granted." *Neveau v. City of Fresno*, 392 F.Supp.2d 1159, 1170 (E.D. Cal. 2005). Indeed, a motion to strike "'should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.'" *Id.* (quoting *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991)*); see also Wynes v. Kaiser Permanente Hospitals*, No. 2:10–cv–00702–MCE, 2011 WL 1302916 at *12 (E.D. Cal. Mar. 31, 2011) (noting "courts often require a showing of prejudice by the moving party").

In ruling on a motion to strike, a "court[] may not resolve disputed and substantial factual or legal issues . . . ." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (internal quotation marks omitted). Finally, "leave to amend should be freely given" unless there is a showing of prejudice to the moving party. *See Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826–27 (9th Cir. 1979) (citing Fed. R. Civ. P. 15(a)) (other citations omitted).

2

III. ANALYSIS

Defendants maintain that portions of the Fourth Amended Complaint involving claims and allegations regarding the sale of homes to "unqualified buyers" and "investors" should be stricken because they are not material or pertinent to the issues that remain in the case. ECF No. 72 at 2–3. Specifically, defendants allege that paragraph 47 should be stricken because its references to "the truth about the neighborhoods [defendants] were building" and defendants' convincing buyers that defendants were "building traditional neighborhoods with stable owners" "concern[ed] purported sales to 'unqualified' buyers, which may no longer be the basis of [p]laintiffs' fraud claims." *Id.* at 4. Defendants challenge paragraph 48 and its reference to defendants' intent to sell homes to unqualified buyers as "immaterial" and "pertinent only if [p]laintiffs could allege fraud based on misrepresentations about the 'quality' of buyers in [p]laintiffs' communities. That theory, however, has been dismissed." *Id.* Finally, defendants challenge paragraph 49 because "[p]laintiffs . . . allege that they suffered various damages as a result of [d]efendants' sales to unqualified buyers" after "[d]efendants implicitly misrepresented" that they were selling homes to buyers "that the [d]efendants expected could afford to buy." *Id.* However, "[u]nder the [c]ourt's reconsideration order, these allegations of harm are no longer material or pertinent." *Id.* at 5. Defendants argue that because this court "unambiguously dismissed [p]laintiffs' Third Amended Complaint to the extent based on alleged misrepresentations about highly-qualified buyers and investors," plaintiffs must necessarily remove all claims and allegations regarding "unqualified buyers" and "investors." *Id.* at 2, 5. Defendants have also challenged portions of paragraphs 42 and 46, which plaintiffs have agreed to strike. ECF No. 76 at 3.

Opposing the motion to strike paragraphs 47 to 49, plaintiffs argue that, in compliance with the court's order, "[e]very single allegation of fact which asserted, alleged, or even hinted to misrepresentations . . . with regard to selling only to highly-qualified buyers and not to sell to investors were [sic] from the Third Amended Complaint." ECF No. 74 at 4. While "[a]llegations of such 'promises' and 'representations' were barred" by the court's order, "[t]he [c]ourt did not state . . . that allegations of fact relating to *actions* taken by [d]efendants to foster

3

1   their price manipulation scheme would also be barred as 'non-actionable puffery'." *Id.* at 3

2   (emphasis in original). Plaintiffs argue that, despite this, defendants have "attempt[ed] to extend

3   the [c]ourt's order to cover allegations of fact, not misrepresentations or promises made to

4   [p]laintiffs, relating to implementation of [d]efendants' scheme." *Id.* at 4.

5          In reply to plaintiff's opposition to the motion to strike, defendants argue that

6   "[t]his [c]ourt has held that allegations regarding sales to unqualified buyers and investors 'do not

7   provide a basis' for [p]laintiffs' fraud-based claims; it does not matter whether the purported

8   fraud is sales to 'unqualified' buyers per se, or a purported scheme to manipulate housing prices."

9   ECF No. 78 at 2. Plaintiffs are alleged to have "merely recharacteriz[ed] their fraud claim as one

10  based on *conduct*, as opposed to representations." *Id.* at 4 (emphasis in original). Defendants

11  claim that "[w]hether the 'scheme' is characterized as a scheme to conceal the presence of

12  unqualified buyers (as in *Kelly* [*v. Beazer Homes USA, Inc.*, 552 F. App'x 666 (9th Cir. 2014)]) or

13  a scheme to conceal the 'true value' of subdivisions (as here), allegations regarding unqualified

14  buyers cannot serve as the predicate for a fraud judgment and are, therefore, immaterial." *Id.*

15         Regarding paragraphs 47 to 49 of the Fourth Amended Complaint, the court is not

16  persuaded by defendants' argument.  As both parties have noted, the court dismissed plaintiffs'

17  Third Amended Complaint specifically "to the extent the fraud claims . . . are based on

18  defendants' promise to sell only to highly-qualified buyers and not to sell to investors." ECF No.

19  69 at 6.  The court's decision was based on an analysis of *Kelly v. Beazer Homes USA, Inc.*, in

20  which the Ninth Circuit said the district court had properly dismissed any claims stemming from

21  an alleged duty to disclose the financial condition of other purchasers and also properly dismissed

22  the fraudulent misrepresentation, in part because those "representations" were "vague expressions

23  of the Homebuilders' 'desires.'" *Kelly*, 552 F. App'x at 667. "Generalized, vague, and

24  unspecified assertions constitute 'mere puffery' upon which a reasonable consumer could not

25  rely, and hence are not actionable." *Anunziato v. eMachines, Inc.*, 402 F. Supp. 2d 1133, 1139

26  (C.D. Cal. 2005) (citing *Glen Holly Entm't, Inc. v. Tektronix Inc.*, 343 F.3d 1000, 1005 (9th Cir.

27  2003)). Consequently, upon reconsidering defendants' motion to dismiss plaintiffs' Third

28  Amended Complaint, this court found that "defendants' claims to be selling only to well-qualified

buyers who would live in the subdivision and not to high risk investors do not provide a basis for plaintiffs' fraud based claims." ECF No. 69 at 6.

Here, however, plaintiffs' Fourth Amended Complaint does not concern itself with the type of non-actionable puffery that was the subject of the court's prior order to dismiss. As plaintiffs have noted, "[t]he scheme that is referenced in Paragraphs 42, 43, 44, 45, 46, 47, 48, and 49 was a market manipulation scheme, not a scheme to sell to unqualified buyers. Selling to unqualified buyers was but one factor in the success of the price manipulation scheme." ECF No. 74 at 7. Plaintiffs do not allege that defendants violated a duty to disclose the financial condition of neighbors to prospective buyers, nor do plaintiffs allege misrepresentation or unfulfilled promises regarding the limiting of sales to well-qualified buyers. Were plaintiffs' references to unqualified buyers and investors presented in either of these contexts, the court would strike the references in accordance with *Kelly* and this court's prior order to dismiss. Instead, however, plaintiffs' references are presented "as part of the [market manipulation] scheme," intended to evidence defendants' efforts "to keep the ever upward spiral of housing prices going." ECF No. 74 at 2. As such, it cannot be said there is no important relationship between plaintiffs' references to unqualified buyers and investors and plaintiffs' claims for relief. Nor can it be said that plaintiffs' references do not pertain, and are not necessary, to the issues in question. Given the material and pertinent nature of plaintiffs' references, as well as the fact that the context is distinct from that which is prohibited by *Kelly* and this court's prior order, these references may appropriately be included in the Fourth Amended Complaint.

To grant defendants' motion to strike would be to read *Kelly* so broadly that any and all allegations regarding unqualified buyers are barred from evidencing a claim of fraud. To do so would expand the court's prior order beyond non-actionable puffery to include matters that were not within the narrow scope of the order. The court declines defendants' invitation to so extend its prior decision.

/////

/////

/////

1          Accordingly, IT IS THEREFORE ORDERED that:

2          1. The motion to strike is granted in part, with the agreed upon portions of

3   paragraphs 42 and 46 to be stricken;

4          2. The motion to strike is denied in all other aspects; and

5          3. The fifth amended complaint is due within seven days of the date of this order.

6   DATED:  July 9, 2014.

7

8          _____
           UNITED STATES DISTRICT JUDGE

9